**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 23 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF NOELLE CHRISTINE GREEN and PRENTISS LAMONT GREEN, | ) ) ) ) | |
| NOELLE CHRISTINE GREEN, | ) ) | |
| Appellant-Petitioner, | ) ) | |
| v. | ) ) | No. 49A02-1110-DR-932 |
| PRENTISS LAMONT GREEN, | ) ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robin L. Moberly, Judge
The Honorable Kimberly D. Mattingly, Magistrate
Cause No. 49D05-0703-DR-11176

**April 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Noelle Green (Mother) appeals the magistrate's entry regarding child support modification. We dismiss.

## FACTS AND PROCEDURAL HISTORY

Mother and Prentiss Green (Father) divorced on July 9, 2008. On June 3, 2011, Father filed a petition for modification of child support. The magistrate held a hearing on September 9, and on September 12, entered into the minutes of court: "After taking this matter [under advisement], comes now the Court and modifies support to $25 per week for the period of [Father's] unemployment, 4/27/11 to 8/12/11. Thereafter, support shall be $115 per week." (App. at 8.)

## DISCUSSION AND DECISION

Mother appeals the magistrate's recommendation to modify Father's child support payment effective April 27, 2011.[1] As the magistrate's recommendation to which Mother objects is "a nullity from which no appeal can be taken[,]" *Breaziel v. State*, 568 N.E.2d 1072, 1073 (Ind. Ct. App. 1991), we are unable to address her appeal. *See also* Ind. Code § 33-23-5-9(a) (providing that in civil trials, "a magistrate shall report findings in an evidentiary hearing, a trial or a jury's verdict to the court. The court shall enter the final order."). Accordingly, we dismiss.

Dismissed.

FRIEDLANDER, J., and BARNES, J., concur.

---

[1] We acknowledge Judge Moberly signed a final order dated September 16, 2011, and that final order did not include the language about which Mother complains. Mother explicitly states in her brief she is not appealing the terms of that September 16 final order.